NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KEVIN L. HOBSON,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3048

---

Petition for review of the Merit Systems Protection Board in case no.DE3330110269-I-1.

---

Decided: June 11, 2012

---

KEVIN L. HOBSON, of Phoenix, Arizona, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With her on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before NEWMAN, MOORE and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Kevin L. Hobson appeals the final order dismissing his Merit Systems Protection Board (MSPB) appeal. Because substantial evidence supports the MSPB's decision and the decision was not obtained without procedures required by law, we *affirm*.

Mr. Hobson filed three appeals with the MSPB. His first appeal involved a decision of an Equal Employment Opportunity Commission (EEOC) administrative judge; his second appeal involved a claim filed pursuant to the Veterans Employment Opportunities Act (VEOA); and his third appeal involved the Uniformed Services Employment and Reemployment Rights Act. In April 2011, the administrative judge assigned to the appeal met with Mr. Hobson and a representative of the Department of Veterans Affairs. During this hearing, the parties discussed the MSPB's potential lack of jurisdiction "to either enforce or modify EEOC rulings," as well as the "statutory nature of the 60-day time limit to seek corrective action under the VEOA." Respondent's App. 6. As a result of this meeting, Mr. Hobson asked to withdraw the EEOC- and VEOA-related appeals. The administrative judge explained that withdrawal would result in a dismissal with prejudice, and would not result in an appealable ruling on the substantive issues. *Id.* Mr. Hobson confirmed that he wanted to withdraw these two appeals.

Mr. Hobson then petitioned for review of the dismissal of his EEOC-related appeal. The full Board reviewed a recording of the hearing and confirmed that "the appellant's withdrawal was based not on misinformation but on the administrative judge's accurate advice that the Board lacks jurisdiction to enforce or review the merits of an order of the Equal Employment Opportunity Commission." *Id.* at 2. The full Board also confirmed that "the

hearing tape shows that the appellant's act of withdrawal was knowing and voluntary." *Id.* at 3. After considering Mr. Hobson's filings, his petition for review was denied.

Mr. Hobson raises a number of arguments on appeal to our court. He claims that the administrative judge failed to address a letter from the Department of Labor, or consider his argument regarding various parts of the U.S. Code. Mr. Hobson also claims evidence was destroyed and the Department of Veterans Affairs otherwise demonstrated a lack of good faith in its dealings with him. Mr. Hobson requests we award him punitive and compensatory damages, as well as attorneys' fees.

These arguments go to the merits of Mr. Hobson's dispute with the EEOC. Because there was no final decision on the merits of his claim, we do not have jurisdiction to consider these issues. *See* 28 U.S.C. § 1295(a)(9) (the Federal Circuit has exclusive jurisdiction to review "an appeal from a final order or final decision of the Merit Systems Protection Board, pursuant to sections 7703 (b)(1) and 7703 (d) of title 5"). The final decision in this appeal deals only with Mr. Hobson's voluntary withdrawal of his claims, and not the underlying issues that formed the substance of Mr. Hobson's claim. As a result, the only issue that we have the ability to review is Mr. Hobson's withdrawal of his claims.

Under the statutory standard of review, we must determine whether substantial evidence supports the MSPB's decision, confirm that it was not an abuse of discretion, and ensure that the withdrawal accorded with procedures required by law. 5 U.S.C. § 7703(c). Mr. Hobson does not argue that he was pressured, misled, or tricked into withdrawing his appeal. To the contrary, the evidence in this case indicates that Mr. Hobson knowingly withdrew his appeal after the consequences of this action

were explained to him. Likewise, there is no suggestion that Mr. Hobson was denied process in any way. As a result, we affirm the MSPB's dismissal of Mr. Hobson's appeal. We have considered Mr. Hobson's additional arguments on appeal and find them to be without merit.

**AFFIRMED**

COSTS

No costs.